May it please the court, Mr. Batista was charged in a methamphetamine conspiracy with an involvement of 500 or more grams of a mixture of substance containing methamphetamine. He went to trial. The jury was given a special verdict or a special interrogatory stating that if you find Mr. Batista guilty, what is he guilty of? Is he guilty of a conspiracy involving less than 50 grams of methamphetamine? Is he guilty of a conspiracy involving more than 50 grams but less than 500 grams of methamphetamine? Or is he guilty of a conspiracy involving more than 500 grams of methamphetamine? And the punishment range is as follows. Top charge 10 to life, medium 5 to 40, and if it's at the low end, 0 to 20. The jury specifically found in their special verdict that Mr. Batista was accountable in this conspiracy for less than. And they found that by a reason beyond a reasonable doubt. That's correct, your honor. Beyond a reasonable doubt that he was accountable for less than 50 grams of methamphetamine mixture of substance. We come for sentencing. The district court was found by a statutory maximum of 20 years. And Mr. Batista was sentenced to 240 months or 20 years because the district court found by a preponderance of the evidence that Mr. Batista was responsible not for less than 50 grams of methamphetamine, but for just a tremendous, tremendous amount numbering in the many, many, many kilos under this converted drug weight idea. And he was therefore at the top of the drug guidelines at a level 38. We submitted that the jury and submit here that the jury was bound by the jury's verdict that he's accountable only for less than 50 grams of methamphetamine. And why haven't we rejected this argument before in Magallanes? Is that case not dispositive of your argument? Which case? Oh, Magallanes, your honor. No, I don't believe it is because it's pointed out by the Ninth Circuit in the Pimentel case. They talked about Magallanes and similar cases where this court and other courts have ruled that a judge at sentencing is not bound by a beyond a reasonable doubt standard. He can consider acquitted conduct and that the standard of proof is by preponderance of the evidence. But Magallanes and the Keck case that's cited by the government never dealt with this specific question as pointed out by the Ninth Circuit in Pimentel. And that specific question is this. When you have an affirmative finding by a jury as to quantity of drugs, the court is bound by that specific finding. The court is bound not to go beyond the statutory sentence for that particular crime. I understand that's the logic, your honor, based on based on Apprendi and following cases that Mr. Battista got a break, so to speak, because he was a huge break. It's a significant break, admittedly, because he was looking at a lot sentence had he been convicted of top charge because the quantity involved and the specific offense characteristics and things of that nature would have sent him to a level 46 or 47. Well, are you quarreling with the discretion of the judge here? I am quarreling with the discretion. And there was evidence by a preponderance that he knew he lived there. He has license there. I don't know how it got there, but it was there. And why couldn't he exercise discretion and by a preponderance find that he was involved in a whole lot more than what was proven beyond a reasonable doubt? Because the jury explicitly found in its special verdict that he was accountable for less than 50 grams of methamphetamine. Well, but that was beyond a reasonable doubt. Now we're talking a different burden of proof. I understand it's a different burden of proof, but the judge, according to the logic of the Pimentel case, should have been bound by the jury's verdict. Well, that's what the Ninth Circuit said. Yes. But we're not the Ninth Circuit. I understand this court is not Ninth Circuit, but for the reasons I indicated earlier to Judge Rossman, Magellanez, Keck, and Gunn, which is an unpublished case, which does not have presidential value. Of course, it has persuasive value, don't deal with this specific question, whether a judge is bound at sentencing by the specific finding of a jury's verdict. Magellanez doesn't deal with that. Was the jury verdict form in Magellanez the same as it was in this case? In Magellanez, I don't know. I frankly don't know, Your Honor. I will say that the verdict form in the Pimentel case, the Ninth Circuit, and I know we're not in the Ninth Circuit, but the verdict form in the Pimentel case was identical, identical to the verdict form that was given here by way of special interrogatory. So here's the difference. Watts v. United States or United States v. Watts dealing with acquitted conduct said that at sentencing, notwithstanding an acquittal, a judge can use the preponderance of the evidence standard to determine what factors are relevant at sentencing and to determine what a sentence should be. This is different than just a general absence of a finding by the jury. Well, what was the finding? What do you understand the finding to be that would bind the district court's discretion? That he is, in accordance with the jury's verdict, accountable for less than 50 grams of methamphetamine. By a preponderance of the I think the reasonable doubt standard applies because we're not just dealing with the absence of a finding. We're dealing with a specific affirmative finding by the jury that he's accountable for less than 50 grams of methamphetamine. So that would be my... Well, you would agree that the court, assuming the court said, okay, I'm bound by that, could still give him the full 240 months because that's the statutory maximum. That's the statutory maximum. And there's no mandatory application of guidelines anymore. That's true. But you start off with what is the base offense level? Is the base offense level But if the statutory level says you can get 20 years, then the judge has the discretion to go from A to Z. He does have the discretion, but only based on proper reasoning and a proper foundation, and ignoring an affirmative jury verdict is not that. That's the question. That is the question. And the reason we distinguish a judge... Five other jurisdictions or six other jurisdictions disagree with the Ninth Circuit. Yes.  I'm not surprised based on the way things go, Judge Kelly. Not surprised at all. However, the distinction I keep making, and maybe I'm not being clear, is there is a difference between using a preponderance standard based on the absence of a jury finding, such as an acquittal, and... If he had only been charged with the one crime of less than X, and he was found guilty of that crime, they could still go beyond for other amounts that were developed during the hearing. I don't think that they could go by other amounts developed at the hearing. I think you're bound by the jury verdict. Okay. That's our position. And the Watts case, Magellanes and all that, as I said before, and as the Ninth Circuit said in commental, doesn't deal with and doesn't answer the specific question as to whether the court is bound by an affirmative finding of the jury, not just the absence of a finding. And as far as acquitted conduct goes, that's under attack now presently. The Supreme Court in the McClinton case out of the Seventh Circuit recently denied certiorari in a case similar to this one, where the argument is made that acquitted conduct in any sense cannot be used to determine sentence. Now, there were two or three comments from the Supreme Court on that where it stated this is an important issue that deserves further consideration, but the Watts case doesn't apply for the reasons we've stated. And yes, was the punishment range the same to up to 20 years? Could he have gotten up to 20 years? Potentially. Potentially. However, there's a procedural error in calculating the sentence here if, in fact, the district court is bound by the jury verdict. Instead of setting the base offense level at 38, based on this astronomical, astronomical quantity of drugs, the base offense level, in accordance with the jury's verdict, is going to be a level 22 at the maximum, not a level 38. So whether the punishment range remains the same, and of course it does with maximum 20 years, whether that's the case or not does not answer the question as to whether or not there was a procedural error in calculating the advisory guidelines in the first instance. To make sure I understand your argument, if we were going to write this in your favor, you wouldn't be asking us to say because we couldn't. Magallanes is wrongly decided. We're not going to follow it. We couldn't do that. You're saying Magallanes doesn't apply here because you contend there's no affirmative finding? Yeah, there's no affirmative finding by the jury as to what quantity is. It just says that absent a jury verdict or a jury finding, the court is free by preponderance of the evidence and sentencing. But there was a finding, wasn't there? There was a finding by the jury that he's accountable for less than 50 grams. There was a finding by the district court over our objection that he's accountable for much, much more, and therefore I'm going to sentence you to the statutory maximum. But regardless of whether the statutory maximum remains the same under any scenario, there's an error initially, ab initio, or however it's pronounced, with respect to saddling Mr. Battista with all that quantity of drugs which the jury rejected. They rejected two-thirds of the government's case, yet when it comes time to sentencing, he pays the price anyway because what they failed to prove beyond a reasonable doubt and in contradiction of the jury's special interrogatory is now open season to get him again or to get him as hard as we can get him. And that just violates the Sixth Amendment. He had a right to a jury trial. The jury made its decision. The jury made a specific finding. They decided what they decided, and it's an affirmative finding the court can't ignore. So for that reason, Your Honors, we would ask that the court remand this case for resentencing. And if there are no further questions, I'd like to reserve whatever time I got left. So you're acknowledging that the relief is not, requires a remand for resentencing, at which time the court could exercise the discretion that you acknowledged in responding to Judge Kelly? Limited to. He could exercise his discretion limited to holding Mr. Battista accountable for less than 50 grams of methamphetamine. Beyond that, he can't do it. But in response to Judge Kelly's question, you said that the judge did have discretion, notwithstanding the jury's affirmative finding, to go above that. He has discretion. He has some discretion, but not when it comes to the drug quantity. So that would be my answer to the question. I didn't answer it very well, obviously, most of the time around. So a remand for resentencing, but it would be a remand with specific instructions to sentence him consistent with the quantities that were found by the jury. Correct. All right. Less than 50 grams. Thank you, Your Honor. I'll hear from the government when you're ready. Good morning, and may it please the Court. Travis Leverett on behalf of the United States. As the Court's heard, this case stems from a conviction following a jury trial where the jury concluded that while Mr. Battista engaged in a drug conspiracy, the amount of controlled substances associated with him in that conspiracy were less than 50 grams. While the jury found that, the facts of this case were that a stash house associated with Mr. Battista contained approximately 300 pounds of both crystal and liquid methamphetamine. This is not the kind of case where you have one controlled by and then the DEA finds a stash house and the jury can conclude that while this amount was attributable to the defendant, this larger amount was not. There were no smaller, separate, more discreet amounts of methamphetamine involved in this case tied to Mr. Battista other than the mountain of methamphetamine that was found together in the stash house along with his various identification documents. So if that were the case, why did you put a jury verdict with the various different amounts involved? In my experience, Your Honor, it's standard in a drug conspiracy to have those special verdict forms. Why? If the judge can just do what he wants with a verdict of guilty, why put in various amounts? I'm not sure the logic behind that, Your Honor. I don't know if it's required or whether the court has the discretion to just X out the bottom two amounts. Well, you're doing it so you can get a conviction, at least a conviction, even if the jury doesn't buy the greater amounts. I mean, this is a conspiracy claim. That means you have to find him. He has to be found accountable for all the drugs in the house. And the jury said no on that. So isn't that why you do it? To make sure you get a conviction with the minimum amount of less than 50. That is one benefit of that. Absolutely, Your Honor. Yes. Let me ask this. Do you concede that Magdalena's, on its face, does not resolve specifically the question raised by Mr. Batista? No, Your Honor. And I've gone back and re-read Magdalena's over and over and over and I'm still unable to discern any meaningful difference between that case and this case. Was there an affirmative finding by the fact finder in that case of lesser amount? They found the 5 to 40 amount. So I guess that's one slight difference between that case and this case is that this case involves the 0 to 20 amount, less than 50 grams, whereas that one involved the 5 to 40 amount of . . . And was he sentenced for more than the 5 to 40 finding? He was sentenced based on the amount that the judge found and not limited . . . And that was more than the jury found? I believe that's correct, Your Honor. Yes. And there was a special verdict form in that case like here? I'm not certain whether it was phrased as a special verdict form or a special interrogatory following. Whichever it was, there was a specific determination by the jury of, what did you say, 5 to 40? Yes, Your Honor. And the judge sentenced him based on a quantity greater than that? That's correct, Your Honor. And then that was reaffirmed by this court in Keck and again in an unpublished decision in United States v. Gunn. As I said, I'm unable to tell any meaningful difference between that line of cases and this case here today. I acknowledge that Pimentel-Lopez, if this were the Ninth Circuit, the government would be in a lot more trouble. But I just don't see how you get around the mega-NS problem here. Do you think our cases are wrong? No, I don't. Why not? Because . . . Why is the Ninth Circuit position not the right one? Well, Your Honor, Judge Weirich, in announcing his sentence, made the comment that in response to this argument by Mr. Batista, that that's not really how jury trials work. The jury's making a finding beyond a reasonable doubt. The judge is not bound by that standard. The judge is bound by the standard of preponderance of the evidence. In this case specifically, Mr. Batista's reasoning would have required the court to take a nonsensical approach. It would have required the court to take a position that was completely inconsistent with the evidence and apply a guideline range that had almost no evidence supporting it. And I don't believe that's the correct outcome. Thank you. If there are no further questions, Your Honor, I'm happy to stand down. Thank you. Mr. Autry, you were uncertain as to either a special interrogatory or a special . . . I can't hear you, Judge Murphy. Can you speak into the microphone? What's your response to the proposition that Magellan is directly on point, that the sentencing judge used quantities greater than the jury found? My response, Your Honor, would be based on the reasoning of the Pimentel-Lopez case, and I'm going to quote from our brief here. The court in Pimentel-Lopez noted that some of the other courts of appeal, including the Tenth Circuit and Magellan, quote, seemed to have held that a jury's special verdict finding that the quantity of drugs involved in the crime is less than a particular amount did not preclude the judge from finding a greater quantity for purposes of sentencing. The Ninth Circuit noted that Magellan, as in similar cases, quote, did not directly address the argument raised by Pimentel-Lopez, and it's the argument we raise here, that the affirmative finding by the jury that the quantity of drugs involved was less than a specific amount precluded a contradictory finding by the district judge during sentencing. So that would be my answer. I see my time's up. Thank you, Your Honors. Thank you, counsel, for your arguments. The case will be submitted. We'll call our next.